In re WELTON et al.

Court of Customs and Patent Appeals. December 2, 1929.

Patent Appeal No. 2139.

Donald A. Gardiner, of Washington, D. C., and Albert R. Golrick, of Cleveland, Ohio, for appellant.

T. A. Hostetler, of Washington, D. C., for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge. This is an appeal from the decision of the Commissioner of Patents affirming the action of the examiners in chief in refusing to allow claims 2, 3, 6, 7, and 8, pertaining to fuel briquets. The claims were as follows:

2. A briquet consisting of granular combustible material and a solid petroleum residue homogeniously mixed with a binder to retain the combustible material and petroleum residue particles in a briquet shape, the briquet comprising a part of a continuous strip broken into units to present granular jagged end edges to facilitate ignition of the briquet units.

3. A briquet consisting of a combustible granular substance including a binder and formed into a hollow tube with jagged end surfaces formed by breaking the material into briquet units after having been formed.

6. A tubularly formed briquet having jagged irregular end surfaces.

7. A tubularly formed coal culm briquet of uniform transverse cross section and having jagged irregular end surfaces through which extends a gas passage formed throughout the length of the briquet, whereby, when the briquet is placed in a fire box, the combustion zone of volatile gases escaping from the interior of the briquet into said opening will be confined to the vicinity of the jagged irregular end surfaces of the briquet.

8. A tubularly formed coal culm briquet of uniform transverse cross section and having jagged irregular end surfaces, which are more porous than the longitudinal surface of the briquet and through which extends a gas passage formed throughout the length of the briquet whereby, when the briquet is subjected to heat in the fire box, burning volatile gases will be confined to the vicinity of the jagged irregular porous end surfaces of the briquet.

The Commissioner refused to allow the claims on the references of: Gilson, 57,890, Sept. 11, 1866. Philbrick, 73,922, Jan. 28, 1868. Norris, 209,069, Oct. 15, 1878. Rockwell, 737,023, Aug. 25, 1903. Bowen, 1,397,-572, Nov. 22, 1921. Wiard, 273,209, Feb. 27, 1883.

The proposed invention relates to a briquet made of a combustible material, molded into tubular forms, and then broken into short pieces. The patentability of the composition of the briquets is not in question here, the issue being confined to the shape and other characteristics of the same.

It is claimed by applicant that he is entitled to a patent, for the reason that he has invented a briquet tubular in form, so that the same will not pack while burning in the fire bed; that the breaking off of the same in the process of manufacture leaves a jagged end which will more easily ignite; and that the hollow or tubular form makes the article more combustible.

The Commissioner in his decision, after citing the above references, said:

"The tubular form of briquets and like combustible bodies is exceedingly common in the art as evidenced by the patents to Gilson, Norris, Wiard and Rockwell; and it is also common practice to provide such bodies with jagged surfaces whereby they may be readily ignited, as evidenced by the patents to Philbrick, Rockwell and Bowen. Bowen states:

"'When cold the material is broken up into jagged and irregular lumps similar to coal and is then fit for use.'

"Claim 2 is anticipated by Bowen and Philbrick for the reasons specifically pointed out by the examiners-in-chief. These patents clearly disclose a briquet of a composition such as defined by this claim, said briquet comprising a part of a continuous strip (Bowen) broken into units to present granular jagged end edges to facilitate ignition. The fact that the briquet is broken from a "continuous" strip is unimportant so far as the characteristics of the briquet are concerned. Philbrick contemplates breaking the strip into smaller portions.

"Claims 3 and 6 and proposed claims 7 and 8 are regarded as devoid of patentability in view of Gilson, Norris, Wiard and Rockwell, which show the tubular form of the fuel element, when considered in connection with the patents to Philbrick and Bowen, which disclose said element as having jagged surfaces for ignition purposes.

"Furthermore, the composition defined by the appealed claims being old; the tubular form of the fuel element being old; and the jagged surfaces of a fuel element being old, it must be held that no invention was involved in bringing together these several desirable characteristics into a briquet. It may have required good judgment but not invention to select and assemble desirable characteristics of prior art briquets where each characteristic performs its usual function in the usual way."

An examination of these references is convincing that there is no invention and no patentable advancement of the art in applicant's claims, and the decision of the Commissioner is affirmed.

Affirmed.